UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Octavio Torres Ortega,                                    Civ. No. 2:15-104-PAM-CM

        Petitioner,

v.                                                        **MEMORANDUM AND ORDER**

Florida Attorney General and
Secretary, DOC,

        Respondents.

---

This matter is before the Court on a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Pet. (Docket No. 1).) For the reasons that follow, the Petition is denied.

**BACKGROUND**

On January 21, 2010, a Florida state-court jury convicted Petitioner Octavio Torres Ortega of Sexual Battery on a child under 12, and he was sentenced to life in prison without parole. (App'x Exs. 1H, 1I.) Ortega appealed his conviction and sentence, arguing that the trial court erred by denying a motion for judgment of acquittal and admitting the victim's hearsay statements into evidence because there was insufficient evidence that they were reliable and trustworthy. (App'x Ex. 2A at 11, 27.) The court of appeals affirmed per curiam. Ortega v. State, 57 So. 3d 857 (Fla. Dist. Ct. App. 2011) (table). Mandate issued on April 12, 2011. (App'x Ex. 2D.)

In 2011, Ortega filed a petition for belated appeal under Fla. R. App. P. 9.141. (App'x Ex. 5C at 1, 15.) The petition alleged that appellate counsel was ineffective for

1

failing to preserve constitutional violations and to argue that the trial court prejudiced Ortega's trial by admitting the victim's videotaped testimony into evidence. (Id. at 4, 11.) The court of appeals denied the petition and Ortega's motion for rehearing. Ortega v. State, 81 So. 3d 427 (Fla. Dist. Ct. App. 2011) (table). (App'x Ex. 5I.)

Also in 2011, Ortega filed a postconviction motion under Fla. R. Crim. P. 3.850, raising seven grounds of ineffective assistance of counsel. (App'x Ex. 3A at 18, 33.) Ortega contended that trial counsel was ineffective for failing to (1) call expert witnesses for the defense to rebut the state's expert witnesses, (2) pursue a speedy trial violation, (3) file a motion to suppress the victim's videotaped testimony when the victim also testified at trial, (4) file a motion to withdraw and appoint a Spanish-speaking attorney, (5) communicate with Ortega from 2006 to 2010, (6) object to the victim's mother's testimony that impermissibly bolstered the victim's credibility, and (7) object to Sergeant Timothy Fisher's testimony that impermissibly bolstered the victim's credibility. (Id. at 5-14.) The trial court denied his postconviction motion. (App'x Ex. 3E at 19.) A motion for rehearing was also denied. (App'x Ex. 3G at 1.)

Ortega appealed the denial of his postconviction motion. Ortega's appeal seemed to argue that the trial court erred in finding that trial counsel was not ineffective because the State did not prove that his claims failed to establish ineffective assistance of counsel. (App'x Ex. 4A.) The court of appeals affirmed per curiam. Ortega v. State, 152 So. 3d 578 (Fla. Dist. Ct. App. 2014) (table). A motion for rehearing was also denied. (App'x Ex. 4D.) Mandate issued on November 19, 2014. (App'x Ex. 4E.)

On February 17, 2015, Ortega filed this Petition, raising ten grounds for relief. The first ground argues that the admission of the victim's hearsay statements into evidence violated his federal due process rights because there was insufficient evidence that the child's statements were reliable and trustworthy. The second ground contends that his federal due process rights were violated because there was insufficient evidence to convict him. The third ground alleges that appellate counsel was ineffective for failing to argue on direct appeal that the trial court prejudiced Ortega's trial by admitting the victim's videotaped testimony into evidence. The remaining seven grounds raise the same ineffective assistance of counsel claims that Ortega raised in his state postconviction motion.

The State argues that Ortega has not exhausted his state remedies as to his first two claims, and that, to the extent that he is claiming a violation of federal speedy trial rights in ground five, such claim is unexhausted because he only argued ineffective assistance of counsel on the speedy trial violation before the trial court. (Resp. to Pet. (Docket No. 14) at 17-18, 32-35, 41-43.)

**DISCUSSION**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 et seq., a federal court's "review is greatly circumscribed and is highly deferential to the state courts." Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002). Indeed, AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S.

685, 693 (2002) (citation omitted). The AEDPA restricts the Court's review to state-court judgments that:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Further, § 2254 states that "a determination of a factual issue made by a State court shall be presumed to be correct." Id. § 2254(e)(1). The burden is on the petitioner to "rebut[] the presumption of correctness by clear and convincing evidence." Id.

**A.     Exhaustion**

The State contends that Grounds I, II, and the substantive portion of Ground V are unexhausted because Ortega did not present the claims during trial or on direct appeal, and that he should be procedurally barred from raising them here. (Resp. to Pet. at 32-35, 41-43)  Ortega responds that the federal due process claims are not procedurally barred because he filed a notice of supplemental authority, pursuant to Fla. R. App. P. 9.225, to preserve the claims. (Pet'r's Reply (Docket No. 17) at 5-6.)  Ortega does not respond to the State's claim that the substantive federal speedy trial rights claim is waived.

"For a federal court to hear a habeas claim resulting from a state conviction, the petitioner must first exhaust the remedies available in his state's courts." Ramos v. Fla. Dep't of Corr., 441 F. App'x 689, 696 (11th Cir. 2011) (citing 28 U.S.C. § 2254(b)(1)(A)). "A claim is only exhausted if it is fairly presented to the state courts,

4

meaning that the same claim must be brought before both the state and federal courts and presented in such a way 'that a reasonable reader would understand [the] claim's particular legal basis and specific factual foundation.'" Id. (alteration in original) (quoting McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005)). To fully exhaust his claims, Ortega was required not only to present the claims to the trial court via a postconviction motion, but also to pursue those claims on appeal. Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004). Additionally, the record does not reflect a notice of supplemental authority pursuant to Fla. R. App. P. 9.225. Because Ortega did not raise these federal claims in the trial or appellate courts and did not properly argue a federal speedy trial violation, they are unexhausted.

But, "Florida's doctrine of fundamental error permits a court to review an issue that was not preserved in the trial court." Rambaran v. Dep't of Corr., 821 F.3d 1325, 1328 n.3 (11th Cir. 2016) (citing State v. Delva, 575 So. 2d 643, 644-45 (Fla. 1991)). Fundamental error occurs when the error "reach[es] down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." Delva, 575 So. 2d at 644-45. This Court concludes that none of Ortega's claims constitute fundamental error. The trial court made reasonable findings as to the first two claims, and as discussed below, the speedy trial claim has no merit. Therefore, these three claims are defaulted.

B.   **Ineffective Assistance of Counsel**

To establish ineffective assistance of counsel, Ortega must demonstrate "that his counsel's performance was objectively unreasonable by professional standards and that

5

he was prejudiced as a result of this poor performance." Damron v. Florida, No. 8:07-CV-2287, 2009 WL 1514269, at *2 (M.D. Fla. May 29, 2009). To show prejudice, Ortega "must establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Woodford v. Visciotti, 537 U.S. 19, 22 (2002) (emphasis omitted) (quotations omitted). Moreover, "[t]here is a strong presumption that an attorney's conduct fell within the 'wide range of professional norms.'" Damron, 2009 WL 1514269, at *2 (quoting Strickland v. Washington, 466 U.S. 668, 689 (1984)). "Ineffective assistance of counsel can be grounds for challenging a conviction if counsel's performance was so egregious that it rendered the trial fundamentally unfair." Id. (quoting Strickland, 466 U.S. at 701).

Because of the limits on a federal court's review under 28 U.S.C. § 2254, Ortega can succeed on his ineffective-assistance-of-counsel claims only if he can show that the trial court's determination of the facts surrounding these claims was unreasonable. 28 U.S.C. § 2254(d). Thus, he must establish both that his counsel was prejudicially ineffective and that it was unreasonable for a court reviewing his claim to conclude otherwise. A court may grant habeas relief only when an error "so infused the trial with unfairness as to deny due process of law." Taylor v. Sec'y, Fla. Dep't of Corr., 760 F.3d 1284, 1295 (11th Cir. 2014) (quoting Lisbena v. California, 314 U.S. 219, 228 (1941)).

### 1. Ineffective Assistance of Appellate Counsel

Ortega's third ground is that his appellate counsel was ineffective for failing to argue on direct appeal that the trial court prejudiced his trial by admitting the victim's videotaped testimony into evidence in violation of Fla. Stat. § 92.53, the witness

unavailability rule. This statute governs the admission of videotaped testimony of victims who are (1) under the age of 18 or who are intellectually disabled and are (2) unavailable to testify or will suffer at least moderate harm if they are made to testify in the defendant's presence in open court. Fla. Stat. § 92.53. But, Fla. Stat. § 92.53 is not applicable to this case because the victim testified in open court and in Ortega's presence. (App'x Ex. 1J.). Therefore, appellate counsel was not ineffective for failing to raise this issue. See Jones v. Barnes, 463 U.S. 745, 751 (1983) ("[No] decision of this Court suggests . . . that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points."). This ground fails.

### 2. Ineffective Assistance of Trial Counsel

Ortega contends that trial counsel was ineffective for failing to (1) call expert witnesses for the defense to rebut the state's expert witnesses, (2) pursue a speedy trial violation, (3) file a motion to suppress the victim's videotaped testimony when the victim also testified at trial, (4) file a motion to withdraw and appoint a Spanish-speaking attorney, (5) communicate with Ortega from 2006 to 2010, (6) object to the victim's mother's testimony that impermissibly bolstered the victim's credibility, and (7) object to Sergeant Fisher's testimony that impermissibly bolstered the victim's credibility.

#### a. Ground IV: Failure to Call Expert Witnesses

Ortega contends that his trial attorney's failure to call expert witnesses to rebut the testimony of a social worker and the nurse who performed the victim's medical examination satisfies both elements of Strickland. The social worker testified as to the

7

victim's understanding of the difference between a truth and a lie, and the nurse testified that it was proper protocol not to obtain a DNA swab from the victim's vagina because it would have been extremely painful for the victim.

Under Florida law, trial counsel's decision not to call an expert witness does not constitute deficient performance if "trial counsel made a reasonable decision to confront and challenge the State's witness at trial through cross-examination." Crain v. State, 78 So. 3d 1025, 1040 (Fla. 2011). Because Ortega's trial counsel cross-examined both the social worker and the nurse, the trial court reasonably determined that trial counsel's decision was within professional standards. This ground is without merit.

### b. Ground V: Failure to Pursue a Speedy Trial Violation

Ortega seems to argue that it was improper for his trial counsel to waive his right to a speedy trial without consulting with him first in Spanish. If a defendant is charged with a felony under Florida law, trial must be held within 175 days of arrest. Fla. R. Crim. P. 3.191(a). But a defendant can waive the right to speedy trial, and a defense attorney can waive speedy trial on his client's behalf. MacPhee v. State, 471 So. 2d 670, 671 (Fla. Dist. Ct. App. 1985) (citing State ex rel. Gutierrez v. Baker, 276 So. 2d 470, 472 (Fla. 1973)). Here, trial counsel waived the speedy trial right. (App'x Ex. 3E at 12.) Because trial counsel may waive the right if he feels that such delay could have benefitted Ortega, it is immaterial that trial counsel did not consult with him. The trial court's determination on this ground was reasonable.

### c. Ground VI: Motion to Suppress

Ortega seems to argue that trial counsel was ineffective for failing to file a motion to suppress the victim's videotaped testimony because the victim also testified in person at trial in violation of Fla. Stat. § 92.53. But, as previously discussed, Fla. Stat. § 92.53 is not applicable here. Moreover, the trial court made a reasonable finding of admissibility. This ground is without merit.

### d. Ground VII: Motion to Withdraw

Ortega argues that trial counsel was ineffective for not filing a motion to withdraw and not requesting that the trial court appoint a Spanish-speaking attorney because he cannot speak English. From 2006 to 2009, Ortega was represented by a number of attorneys from the Public Defender's Office and the Office of Regional Counsel. In 2009, Adam Oosterbaan was ultimately appointed to represent Ortega because of the language issue. Mr. Oosterbaan requested both a Spanish interpreter and a motion for continuance in order to adequately prepare for trial. The trial court assigned a Spanish interpreter and "granted [the] motion for continuance." (App'x Ex. 3E at 14-15.) The Court concludes that this claim is without merit.

### e. Ground VIII: Failure to Communicate

Ortega seems to argue that trial counsel was ineffective for failing to communicate with him from 2006 to 2010. But, a lack of communication is not per se ineffective assistance of counsel. Jackson v. State, 801 So. 2d 1024, 1026 n.1 (Fla. Dist. Ct. App. 2001) ("Defendant would have to demonstrate how he was prejudiced by the lack of consultation."). This claim fails because Ortega has not shown any prejudice.

### f. Grounds IX and X: Failure to Object to Testimony Bolstering Victim's Credibility

Ortega contends that trial counsel was ineffective for failing to object to testimony from the victim's mother and Sergeant Fisher, both of whom impermissibly bolstered the victim's credibility according to Ortega. But the victim's mother did not testify about the victim's credibility. (App'x Ex. 1J.) She testified about her work situation, the family's living situation, that the victim knew Ortega, and that she called the police after being alerted to the incident involving the victim. (App'x Ex. 3E at 16-17.)

Ortega seems to argue that Sergeant Fisher bolstered the victim's credibility because he was not the first responder on the scene and therefore did not have firsthand knowledge of the incident. Ortega next seems to argue that Sergeant Fisher offered no evidence that Ortega committed the crime and that Sergeant Fisher's use of the phrase "sex crimes arena" during his testimony was improper. (Pet. at 28-30.) But Sergeant Fisher made no statement about the victim's credibility. (App'x Ex 1J.) Because the victim's mother and Sergeant Fisher did not bolster the victim's credibility, trial counsel cannot be ineffective on this basis. This claim is without merit.

### C. Certificate of Appealability

Ortega is required to secure a Certificate of Appealability before appealing the dismissal of his habeas corpus action. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). This Court cannot grant a Certificate of Appealability unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason

10

could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). The prisoner must establish that the resolution of his constitutional claims "was debatable among jurists of reason." Lott v. Att'y Gen., Fla., 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting Miller-El, 537 U.S. at 336).

Ortega has not demonstrated that his claims are debatable or that they "deserve encouragement to proceed further." Miller-El, 537 U.S. at 327. The Court will therefore not grant a Certificate of Appealability on any of Ortega's claims.

**CONCLUSION**

Ortega is not entitled to federal habeas relief. Accordingly, **IT IS HEREBY ORDERED that**:

1. Ortega's Petition for Writ of Habeas Corpus (Docket No. 1) is **DENIED**;

2. A Certificate of Appealability will **NOT** issue; and

3. The Clerk shall enter judgment accordingly, terminate all remaining deadlines as moot, and close the file.

Dated: <u>December 5, 2017</u>

<i>s/ Paul A. Magnuson</i><br>
Paul A. Magnuson<br>
United States District Court Judge